<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAIDELYN SAMANTHA VICENTE CIFUENTES,<br><br>                  Petitioner,<br><br>      v.<br><br>PAM BONDI, *et al.*,<br><br>                  Respondents. | Case No. 2:26-cv-00679 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Petitioner Naidelyn Samantha Vicente Cifuentes' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the validity of her expedited removal order. (ECF No. 1.) Respondents filed a response (ECF No. 4), and Petitioner replied (ECF No. 5). Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

      Petitioner, a native of Guatemala, entered the United States on December 14, 2013, without inspection. (ECF No. 1-5 at 2–3; ECF No. 4 at 1.) On the same date, Petitioner was detained by Department of Homeland Security ("DHS") agents. (ECF No. 1 at 2; ECF No. 4 at 1.) On December 15, 2013, DHS determined Petitioner was inadmissible under the Immigration and Nationality Act ("INA") because she was not in possession of a valid document allowing her to

1

enter or remain in the United States and issued an Order of Expedited Removal under INA § 212(a)(7)(A)(i)(I). (ECF No. 1 at 2; ECF No. 4 at 1.) The lower portion of the Expedited Removal Order was not signed by an immigration officer. (*See* ECF No. 1-4 at 2.)

Petitioner's mother requested a credible fear hearing at the time the Expedited Removal Order was issued. (ECF No. 1 at 3.) No credible fear interview was conducted at that time. (*Id.*) Instead, Petitioner was paroled into the United States. (*Id.*)

On November 7, 2025, Petitioner was arrested and detained in Newark, New Jersey. (ECF No. 4 at 2.) On November 14, 2025, Petitioner appeared for a credible fear interview with U.S. Citizenship and Immigration Services ("USCIS"). (*Id.*) The USCIS asylum officer found that Petitioner lacked a credible fear of returning to Guatemala, and Petitioner requested a review of that determination by an immigration judge ("IJ"). (*Id.*; ECF No. 1 at 3.)

On December 22, 2025, Petitioner filed a Motion to Terminate, with the NJ Immigration Court, arguing the "purported Expedited Removal order reveals that the actual 'order of removal under section 235(b) of the Act' was never actually executed, since it was not signed by either an immigration officer or by any supervisory immigration officer." (ECF No. 1 at 3.) Petitioner argued since she was not legally ordered removed, the current Expedited Removal Proceedings have no legal basis and must be terminated by the immigration court. (*Id.* at 4.) In response, DHS explained the Notice and Order of Expedited Removal "was not signed or effectuated" because Petitioner expressed fear of returning to Guatemala, which "halted" the removal process while credible fear proceedings played out. (ECF No. 4 at 2.)

On December 23, 2025, an IJ held a Credible Fear Review hearing, affirmed the negative fear determination, and denied Petitioner's Motion to Terminate. (ECF No. 1 at 5.) The IJ returned

the case to DHS for removal, rendering the expedited order a final order of removal.[1] (ECF No. 4 at 2.) Petitioner sought to appeal the IJ Order to the Third Circuit but voluntarily dismissed the appeal on January 19, 2026, on the basis that "the Third Circuit lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(A)." (*Id.*)

On January 21, 2026, Petitioner filed the Petition challenging the validity of her expedited removal order. (ECF No. 1.) Respondents filed a response (ECF No. 4), and Petitioner replied (ECF No. 5). This matter is ripe for consideration.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

---

[1] On December 14, 2025, while the IJ proceedings were pending, Petitioner filed his first § 2241 habeas petition challenging the legality of her detention under § 1225(b)(1). (*See* Civ. A. No. 25-18603, ECF No. 1.) On January 8, 2026, Petitioner was released on bond. And on January 14, 2026, the Court dismissed the initial habeas—challenging her pre-removal detention under § 1225(b)(1)—as moot, given the entry of the IJ's final order of expedited removal, which converted Petitioner's custody from a pre-removal detention to a post-removal detention under § 1231. (*See* Civ. A. No. 25-18603, ECF No. 5, at 4–6 (citing *Mejia Rivera v. Florentino*, Civ. A. No. 25-18063, 2025 WL 3765061, at *2 (D.N.J. Dec. 30, 2025); *Noah Zhe v. Green*, Civ. A. No. 17-7182, 2017 WL 4407934, at *2 (D.N.J. Oct. 4, 2017)).) Petitioner remains released.

3

## III. DECISION

In her Petition, Petitioner challenges the validity of her expedited removal order, arguing the order is invalid as it was not properly signed and executed. (*See generally* ECF No. 1.)

District courts, with limited exceptions, do not have "jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i). In *Castro v. United State Department of Homeland Security*, the Third Circuit summarized the statutory framework governing this Court's jurisdiction to review expedited orders of removal:

> [8 U.S.C. § 1252] narrowly circumscribes judicial review for expedited removal orders issued pursuant to § 1225(b)(1). It provides that "no court shall have jurisdiction to review . . . the application of [§ 1225(b)(1)] to individual aliens, including the [credible fear] determination made under [§1225(b)(1)(B)]." 8 U.S.C. § 1252(a)(2)(A)(iii). Moreover, except as provided in § 1252(e), the statute strips courts of jurisdiction to review: (1) "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an [expedited removal] order"; (2) "a decision by the Attorney General to invoke" the expedited removal regime; and (3) the "procedures and policies adopted by the Attorney General to implement the provisions of [§ 1225(b)(1)]." *Id.* § 1252(a)(2)(A)(i), (ii) & (iv). Thus, the statute makes abundantly clear that whatever jurisdiction courts have to review issues relating to expedited removal orders arises under § 1252(e).
>
> Section 1252(e), for its part, preserves judicial review for only a small subset of issues relating to individual expedited removal orders:
>
>> Judicial review of any determination made under [§ 1225(b)(1)] is available in habeas corpus proceedings, but shall be limited to determinations of—
>>
>>> (A) whether the petitioner is an alien,

4

>> (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and
>>
>> (C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum . . . .
>
> *Id.* § 1252(e)(2). In reviewing a determination under subpart (B) above—i.e., in deciding "whether the petitioner was ordered removed under [§ 1225(b)(1) ]"—"the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." *Id.* § 1252(e)(5).

*Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 426–27 (3d Cir. 2016).

Based on this statutory framework, this Court lacks subject matter jurisdiction to review whether Petitioner's 2013 Expedited Removal Order was invalid. Now that Petitioner has an administratively final removal order, Petitioner's claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026); *see also Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens)

Although Petitioner argues this Court has jurisdiction under § 1252 (e)(B) because she is challenging whether she was actually "ordered removed," that argument fails as Petitioner now has a final order of removal where Petitioner was ordered removed. As such, the Court will dismiss the Petition for lack of jurisdiction.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2026